<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VICTOR M. LUNA, | : |
| Plaintiff, | : Civil Action No. 05-2298 |
| v. | : **OPINION** |
| A. KENNETH WEINER, ESQ., DIANA FARRELL, and JUDITH ROSENSTEIN, | : |
| Defendants. | : |

**<u>KATHARINE S. HAYDEN, U.S.D.J.</u>**

Currently before the Court is a motion to dismiss filed by Judith Rosenstein ("Rosenstein") in response to the amended complaint filed by pro se plaintiff, Victor M. Luna ("Luna" or "plaintiff").

Luna pleaded guilty in June, 1998, of sexually assaulting two minor children, was sentenced, served his time, and is now supervised by the New Jersey Parole Board. His claims in this lawsuit are brought in connection with his parole supervision. He alleges that A. Kenneth Weiner, Esq., his former attorney, Diana Farrell, his former parole officer, and Judith Rosenstein, his former social worker/psychotherapist, violated his federal constitutional rights. He also brings state-law claims against them.

Rosenstein has moved to dismiss pursuant to FRE 12(b)(6) on the basis that plaintiff has failed to set forth any "substantive allegations relating to Dr. Rosenstein's acts or omissions which would entitle the plaintiff to the relief sought." (See Rosenstein Br. at ¶ 13). Specifically,

1

the motion contends that "plaintiff fails to identify any one factual instance where the insured deviated from the accepted standards of a licensed therapist...." (See Rosenstein Br. at ¶ 14).

Plaintiff has not filed an opposition to the motion. He has filed two "narrative statements," both stricken from the record due to noncompliance with the briefing requirements of the Local Rules. (See October 13, 2005 Order Striking Plaintiff's Narrative Statement; December 8, 2005 Order Striking Plaintiff's Second Narrative Statement).

## I.   BACKGROUND

Plaintiff was arrested and charged with sexual assault of two minor children on or about June 20, 1997. (Compl. at ¶ 3). He asserts that on June 15, 1998, he accepted a plea bargain upon the advice of his attorney, A. Kenneth Weiner. (Compl. at ¶ 8). He served 34 months and was released on or about March 1, 2000. (Compl. at ¶ 10.) Upon his release, he became subject to the reporting requirements under Megan's Law, whereby he is monitored by the Parole Board for at least 15 years. (Compl. at ¶ 11; Rosenstein Br. at Statement of Uncontested Facts, ¶ 4). The Parole Board assigned plaintiff to group and individual therapy sessions for convicted sex offenders conducted by Rosenstein, a licensed clinical social worker and therapist. (Compl. at ¶ 41; Rosenstein Br. at Statement of Uncontested Facts, ¶ 5). Plaintiff's parole officer, defendant Diana Farrell, directed that Rosenstein provide these therapy sessions, which began in June, 2004 and continued for about one year. (Compl. at ¶ 12; Rosenstein Br. at Statement of Uncontested Facts, ¶ 6).

Plaintiff was required to pay $25.00 for each session. (Compl. at ¶ 19; Rosenstein Br. at Statement of Uncontested Facts, ¶ 6). These sessions were the only times Rosenstein and the plaintiff interacted. (Rosenstein Br. at Statement of Uncontested Facts, ¶ 7).

As to Rosenstein specifically, the complaint alleges that she "ineffectively, negligently and carelessly failed to properly examine, diagnose Plaintiff [sic] situation," resulting in "deliberate indifference to a serious medical condition," which violated plaintiff's Eighth Amendment rights. (Compl. at First Count, ¶ 46; Second Count, ¶ 53). The complaint avers that "[o]n or about March 2004, officer Ferrell, forced Plaintiff to go to attend sex therapy in which he does not benefits [sic], and he does not receives from this therapy any medications for Plaintiff [sic] psychiatric conditions...."(Compl. at ¶ 12). Plaintiff alleges that instead of dispensing proper therapy, Rosenstein engaged in "brain picking and harassment" in an effort to force plaintiff to "admit to sexual assault as to the charge." (Compl. at ¶ 32, 33). Plaintiff is suing Rosenstein in her individual and official capacities. (Compl. at ¶ 41).

Plaintiff charges Weiner, his former attorney, with ineffective assistance of counsel, abandonment, negligence, and violation of his Eighth Amendment rights. (Compl. at Counts Two, Three, Four, Five). As to his claims against Farrell, his parole officer, he brings claims of negligence and violation of his Eighth Amendment rights, stating that she demonstrated "deliberate indifference to a serious medical condition" by "forc[ing] Plaintiff to go to attend sex therapy in which he does not benefits" [sic] (Compl. at ¶ 46, 12). He also complains that "[u]nder Megan's Law, Plaintiff can not move without reporting it to the police, parole, and the Prosecutors Office ..." [sic] (Compl. at ¶ 14). As to all defendants, plaintiff claims that they "knew of approved of, supervised, acquiesced in or participated in the wrongful action committed against Plaintiff as herein alleged." (Compl. at ¶ 41).

## II.    DISCUSSION

A motion to dismiss is granted if the Court finds "failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). When a Court considers a motion to dismiss, it must accept all allegations in the non-movant's pleadings as true, and make all reasonable inferences in the non-movant's favor. Curtis v. Everette, 489 F.2d 516, 518 (3d Cir. 1973).

The claimant must set forth sufficient information to outline the elements of claims or to permit inferences to be drawn that the elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court will accept well-pled allegations as true for the purposes of the motion, but it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996)). All reasonable inferences will be drawn in the plaintiff's favor. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987).

In order to succeed on a motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The Third Circuit has stated that because dismissal with prejudice is not a remedy to be taken lightly, it is appropriate only if amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (stating that "the District Court should not ... dismiss[ ] the plaintiffs' claims ... without either granting leave to amend or concluding that any amendment would be futile.").

4

When a complaint is filed pro se, the Court will take into account that this plaintiff is proceeding *pro se*, and will liberally construe the pleadings and will apply the applicable law, "irrespective of whether the pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (citing Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir.1999)).

### A.   42 U.S.C. § 1983 and the Eighth Amendment

The main crux of plaintiff's complaint is that defendants have violated his Eighth Amendment rights. He brings suit under 42 U.S.C. § 1983, which provides a private cause of action against State actors for a deprivation of rights protected by a federal statute or the United States Constitution. To bring such a claim, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or the laws of the United States; and (2) that the deprivation was committed by a person acting under the color of State law. Abraham v. Raso, 183 F.3d 279, 287 (3d Cir.1999).

The Eighth Amendment of the United States Constitution reads:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. CONST. amend. VIII. Plaintiff's claims focus on being forced to undergo supervision by Farrell and other parole officers, as well as being forced to attend several therapy sessions with Rosenstein. He complains about the quality of therapy he received, asserting it constitutes "deliberate indifference" to his medical needs. Such a claim fails for several reasons.

First, a plaintiff must demonstrate that he was in the *physical* custody of the government in order to allege acts or omissions sufficiently harmful to establish an Eighth Amendment

violation grounded in deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 106 (emphasis added).  As the Supreme Court recognized:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.,* food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the ... Due Process Clause.

DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 199-200 (1989) (citation and footnote omitted); County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998) (stating that "in the custodial situation of a prison, forethought about an inmate's welfare is not only feasible but obligatory under a regime that incapacitates a prisoner to exercise ordinary responsibility for his own welfare.").

It is not disputed that Luna was not in physical custody at the time of his claims.  As a parolee, he had the freedom to "exercise normal responsibility for his own welfare," and could have secured any medical attention of his choosing.  See County of Sacramento, 523 U.S. at 851.  Once the plaintiff walked beyond the walls of the prison in which he was being held, he regained his ability to care for himself and moved beyond the factual context for his "cruel and unusual punishment" claims before this Court about medical care.

While the factual context here prevents any suggestion of deliberate indifference to medical needs of this non-detained plaintiff, even if the government's actions somehow could be read as amounting to "deliberate indifference," a higher standard is required to establish Eighth Amendment harm.  When a non-custodial person brings an Eighth Amendment claim, the higher

standard of "shocks the conscience" is used, rather than the less burdensome "deliberate indifference."  See Koulta ex rel. Estate of Koulta v. City of Centerline, 2006 WL 1000770, *5 (E.D.Mich. 2006).  As the Sixth Circuit has stated:

> where a plaintiff claims that a non-custodial substantive due process violation has occurred because of the government's deliberate indifference, something more must be shown – a something that we have variously described as callous disregard for the risk of injury or action in an arbitrary manner that shocks the conscience or that indicates an intent to injure. ... [O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'

Schroder v. City of Fort Thomas, 412 F.3d 724, 730 (6th Cir.2005).  See also County of Sacramento v. Lewis, 523 U.S. 833, 846; 851-52 (1998) (stating that deliberate indifference is not "enough" for liability in non-custodial situations).

Moreover, even were plaintiff still in physical custody, and the lesser "deliberate indifference" standard was appropriate, his claim would still fail.  In Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002), the Third Circuit clarified the requirements for a prima facie case of cruel and unusual punishment based on the denial of medical care:

> To demonstrate a prima facie case of cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted with deliberate indifference to his or her serious medical needs.  This standard has two elements: First, plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind."

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (internal quotation marks and citations omitted).  Plaintiff has failed to demonstrate either prong under Montgomery.  Plaintiff was not in therapy with Rosenstein under circumstances where a "serious medical need" was identified and he was subjected to her treatment.  Rather, his sessions with her fulfilled a

rehabilitation requirement as part of his parole.  Indeed, instead of alleging a "serious" medical need, the complaint contends that the therapy was instituted to coerce the plaintiff to "admit to sexual assault as to the charge."  (Compl. at ¶ 32, 33).

And even if this deficiency were not present, plaintiff's assertions regarding the quality of Rosenstein's professional attentions are framed in terms of malpractice and as such, do not meet the second prong of the high constitutional standard of "deliberate indifference":

> It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference."  As the Estelle Court noted:  "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"  Id. at 105; see also  Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir.1993) ("[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation."); White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990) ("[C]ertainly no claim is stated when a doctor disagrees with the professional judgment of another doctor.  There may, for example, be several acceptable ways to treat an illness.")(emphasis omitted).  "Deliberate indifference," therefore, requires "obduracy and wantonness," Whitley v. Albers, 475 U.S. 312, 319 (1986), which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm").

Rouse v. Plantier, 182 F. 3d 192, 197  (3rd Cir. 1999).

Finally, where courts have found deliberate indifference, additional instances of conduct that went beyond negligence or malpractice established an intentional wrongful action, such as the infliction of harm by a willful refusal to provide needed care, or persistent use of flawed medical treatment.  See Montgomery, 294 F.3d 492.  In this case, plaintiff fails to allege that any such intentional act occurred.  Instead, he complains Rosenstein engaged in "brain picking" and unspecified "harassment" in her therapy so that "Plaintiff would admit to sexual assault as to the

8

charge." (Compl. at ¶ 33). He then makes the broad claim that Rosenstein "ineffectively, negligently and carelessly failed to properly examine, diagnose Plaintiff [sic] situation," resulting in "deliberate indifference to a serious medical condition." (Compl. at First Count, ¶ 46; Second Count, ¶ 53). These allegations amount to no more than, at most, a disagreement with the type of therapy dispensed and a resistance to making admissions to her.

Affording plaintiff the most liberal construction of his claims, the Court must conclude that his complaint is bereft of any specific acts on Rosenstein's part that would constitute an Eighth Amendment violation, and therefore grants the motion to dismiss.

### C. CLAIMS AGAINST WEINER

A careful reading of the docket reveals that plaintiff's former lawyer, A. Scott Weiner, has not been properly served. Notwithstanding, plaintiff has asserted federal claims against Weiner, under 42 U.S.C. § 1983, and the Court will address them.

A claim under § 1983 must allege a violation of a federal Constitutional right, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A person acting "under color of state law" must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)); Monroe v. Pape, 365 U.S. 167, 187 (1961).

Plaintiff brings two federal claims against Weiner – an Eighth Amendment claim cruel and unusual punishment claim and a Sixth Amendment ineffective assistance of counsel claim. (Compl. at First Count; Fifth Count). It cannot be disputed that Weiner acted in a private capacity in connection with his representation of plaintiff, and his actions were not "clothed with

the authority of state law." Classic, 313 U.S. at 326. As such, he may not be sued under Section 1983. See 42 U.S.C. § 1983.

To the extent that plaintiff raises Sixth Amendment claims, he does so under the wrong statute and in the wrong application. A claim for ineffective assistance of counsel in a state criminal proceeding is properly raised federally under 28 U.S.C. §2254 as a petition for habeas corpus relief. 28 U.S.C. §2254. Strickland v. Washington, 466 U.S. 668, 697-98 (1984); Bradshaw v. Richey, 126 S.Ct. 602 (2005). Plaintiff does not cite to the appropriate statute, and given the factual context recited in the complaint, there is no basis for this Court to entertain the claim, even assuming plaintiff could meet the strict procedural and technical requirements of habeas corpus law. The claim of ineffective counsel is dismissed, and as a consequence, there are no further federal claims against Weiner before the Court.

Plaintiff has also brought state-law claims against Weiner of abandonment and negligence. (Compl. at Third Count; Fourth Count). It is well-established that "when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244-45 (2006) (citations omitted). Pursuant to the relevant statute, 28 U.S.C.A. § 1367, the Court has "dismissed all claims over which it has original jurisdiction," 28 U.S.C.A. § 1367(c)(3), and therefore "may decline to exercise supplemental jurisdiction over [the state-law] claim[s]." 28 U.S.C.A. § 1367(c). The Supreme Court instructs that in considering whether to exercise supplemental jurisdiction in cases such as this, where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience,

fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

**V.    CONCLUSION**

For the foregoing reasons, the federal claims against Rosenstein are dismissed, and the Court declines to exercise supplemental jurisdiction over the state claims. The federal claims brought under Section 1983 against Weiner are dismissed, and the Court declines to exercise supplemental jurisdiction over the state claims.

As indicated earlier, because dismissal with prejudice of these federal claims is not a remedy to be taken lightly, it is appropriate only if amendment would be inequitable or futile. Grayson, 293 F.3d at 108. The Court is satisfied that the nature of the claims against Rosenstein cannot legally constitute Eighth Amendment violations; additionally, Weiner's status as a non-state actor cannot be altered. Amendment of plaintiff's Section 1983 claims against these defendants, as a consequence, would be futile.

The remaining defendant, Parole Office Farrell, is directed to file a motion to dismiss no later than 30 days after receipt of this Order pursuant to the Local Rules of Court. Plaintiff's opposition shall be filed within 30 days of service of Farrell's moving papers.

An appropriate Order accompanies this Opinion.


Dated: May 23, 2006                              /s Katharine S. Hayden
                                                 Katharine S. Hayden, U.S.D.J.