<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VICTOR M. LUNA, | : | |
| Plaintiff, | : | Civil Action No. 05-2298 |
| v. | : | **OPINION** |
| A. KENNETH WEINER, ESQ., DIANA FARRELL, and JUDITH ROSENSTEIN, | : | |
| Defendants. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

Currently before the Court is a motion for a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) that Diana Farrell ("Farrell") filed after this Court granted summary judgment to the other defendants in this case (*see* written opinion dated May 23, 2006) and directed her to file for summary judgment within 30 days. Plaintiff has not filed opposition to the motion.

As a preliminary procedural matter requiring the Court's attention, on August 18, 2006, plaintiff filed an amended complaint, in which he adds James Perdoni, the parole officer who succeeded Farrell, as a defendant, alleging Perdoni harassed him. (See Amended Complaint, ¶ 2; ¶ 7). Then, on August 29, 2006, he filed a motion seeking to leave to amend his complaint.

Fed.R.Civ.P. 15 governs the circumstances surrounding amending a pleading, and provides, in pertinent part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course *before a responsive pleading is served*, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party*; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a) (emphasis added).

Here, responsive pleadings were served, so plaintiff needed leave of court to amend the complaint prior to filing. Plaintiff failed to seek leave until after he filed the pleading. Even had plaintiff requested leave in advance, such an application would be too late and deemed prejudicial, as motions for dismissal and summary judgment were filed and ruled upon. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Heyl and Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3rd Cir.1981); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (stating that leave to amend may be denied where there is undue delay or undue prejudice to the opposing party). Reviewing the long list of complaints about the proposed defendant Perdoni, it is evident to the Court that plaintiff is attempting to shoal up his lawsuit, substantively dismissed as to all defendants except the movant, by finding another target for his discontent. This is not proper under the most benign reading of the Rules of Court. Under Rule 15, and because amending as a form of opposing a substantive motion is not proper, plaintiff's untimely motion to amend is denied and the amended complaint dismissed.

Addressing Farrell's motion: Luna pleaded guilty in June, 1998, to sexually assaulting two minor children. After he served his sentence for sexual assault, he was designated a sex offender; as a consequence, he is subject to the registration and reporting requirements of

Megan's Law, N.J.S.A. 2C:7-1 to 11. As such, he is supervised by the New Jersey Parole Board, and the claims he asserts against this remaining defendant in his lawsuit are brought in connection with his parole supervision.

Farrell moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12 (c) on the basis of plaintiff's failure to state a claim upon which relief can be granted. She argues first, that Luna cannot establish an Eighth Amendment denial of medical care claim because he cannot demonstrate that he is in the physical custody of the government; and second, that he cannot establish that she acted with "deliberate indifference" or that he suffered from a "serious medical need." (Farrell Br. at 1-2.) For the reasons set forth below, the Court grants the motion and dismisses all claims against Farrell. This ruling closes the case.

## I.    BACKGROUND

Plaintiff was arrested and charged with sexual assault of two minor children on or about June 20, 1997. (Compl. at ¶ 3). His complaint asserts that on June 15, 1998, he accepted a plea bargain upon the advice of his attorney, A. Kenneth Weiner. (Compl. at ¶ 8.) He served 34 months and was released on or about March 1, 2000. (Compl. at ¶ 10.) Upon his release, he became subject to the reporting requirements under Megan's Law, N.J.S.A. 2C:7-1 to 11, whereby he must be monitored by the Parole Board for at least 15 years from either the date of conviction or release from incarceration, whichever is later. N.J.S.A. 2C:43-6.4(c). (Compl. at ¶ 11; Farrell Br. at Statement of Facts at 3.) Under this Community Supervision for Life ("CSL") monitoring, Luna is "subject to conditions appropriate to protect the public and foster rehabilitation." N.J.S.A. 2C:43-6.4(b). (Farrell Br. at 3.)

As a condition of CSL, the Parole Board assigned plaintiff to group and individual

therapy sessions for convicted sex offenders conducted by Rosenstein, a licensed clinical social worker and therapist. (Compl. at ¶ 41; Farrell Br. at Statement of Facts at 3.) Plaintiff's parole officer, defendant Diana Farrell, directed that Rosenstein provide these therapy sessions, which began in June, 2004, and continued for about one year. (Compl. at ¶ 12; Farrell Br. at Statement of Facts at 3-4.)

As to Farrell, specifically, the complaint alleges that she demonstrated "deliberate indifference to a serious medical condition," which violated plaintiff's Eighth Amendment rights. (Compl. at ¶ 12; ¶ 46.) He claims that this was accomplished by forcing him to attend sex therapy, which he claims was not beneficial, and for "interrupt[ing] [plaintiff] for on or about [sic] 7 months without medications for his psychiatric conditions." (Compl. at ¶ 12.) The complaint avers that "[o]n or about March 2004, officer Ferrell, forced Plaintiff to go to attend sex therapy in which he does not benefits [sic], and he does not receives from this therapy any medications for Plaintiff [sic] psychiatric conditions...." (Compl. at ¶ 12.) Plaintiff also brings state claims of negligence against all defendants, including Farrell. (Compl. at ¶¶ 60-63.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states, in pertinent part: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard of review used for a motion for judgment on the pleadings is substantively identical to that of a motion to dismiss; the difference between the two is procedural – a motion for judgment on the pleadings is filed after the pleadings are closed, and a motion to dismiss is filed in lieu of an answer. See Woolley v. Commonwealth of Pa., 2006 WL 485850, *1 (M.D.Pa. 2006) (citing Rose v. Bartle, 871 F.2d 331, 342 (3d Cir.1989);

Regalbuto v. City of Philadelphia, 937 F.Supp. 374, 376-77 (E.D.Pa.1995) and stating that "[c]ourts have applied the same standard of review for a motion for judgment on the pleadings under Rule 12(c) as they do for a motion to dismiss under Rule 12(b)).

A motion for judgment on the pleadings is not granted "unless the movant clearly establishes that no material issue of fact remains to be resolved." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 -91 (3d Cir. 1988) (citing Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir.1980)). In reviewing the grant of a Rule 12(c) motion, the Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id. The Court must accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the non-moving party, but will not accept unsupported conclusory statements. Allah v. Brown, 351 F.Supp.2d 278, 280 (D.N.J. 2004). If, after this review, the Court is satisfied that no material issue of fact remains, it will determine that on the basis of the pleadings, the movant is entitled to judgment as a matter of law, and will therefore grant the motion pursuant to Fed.R.Civ.P. 12(c) Id.

The Court will take into account that this plaintiff is proceeding *pro se*, and will liberally construe the pleadings and will apply the applicable law, "irrespective of whether the pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (citing Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir.1999)).

### III. DISCUSSION

Plaintiff alleges that Farrell violated his Eighth Amendment rights by forcing him to

undergo therapy that was unnecessary and ineffective. (Compl. at ¶ 12; ¶ 46.) Title 42 U.S.C. § 1983 provides a private cause of action against State actors for a deprivation of rights protected by a federal statute or the United States Constitution. To bring such a claim, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or the laws of the United States; and (2) that the deprivation was committed by a person acting under the color of State law. Abraham v. Raso, 183 F.3d 279, 287 (3d Cir.1999).

> The Eighth Amendment of the United States Constitution reads:
>
> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. CONST. amend. VIII. Plaintiff claims that he was forced to undergo supervision by Farrell and other parole officers, and to attend several therapy sessions. He complains about the quality of therapy he received, stating that it was not beneficial, and asserts that this constitutes "deliberate indifference" to his medical needs. His claim fails.

To begin with, in order to demonstrate an Eighth Amendment claim alleging deliberate indifference to a serious medical need, a plaintiff must demonstrate that he was in the physical custody of the government. Estelle v. Gamble, 429 U.S. 97, 106. This is because "when the State takes a person into custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being" because it is restraining the person's liberty to care for himself. DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 199-200 (1989); County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998) (stating that "in the custodial situation of a prison, forethought about an inmate's welfare is not only feasible but obligatory under a regime that incapacitates a prisoner to exercise

6

ordinary responsibility for his own welfare."). Here, Luna was on parole, and had the liberty to care for himself and exercise choice over medical attention. See County of Sacramento, 523 U.S. at 851 (stating that the term "deliberate indifference" "is sensibly employed only when actual deliberation is practical, and in the custodial situation of a prison, forethought about an inmate's welfare is not only feasible but obligatory under a regime that incapacitates a prisoner to exercise ordinary responsibility for his own welfare." (citations omitted)).

Even had Luna been incarcerated, his claim would still fail. In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court held that a prison official can be held liable for deliberate indifference only "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. In Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002), the court ruled that a plaintiff must demonstrate two elements in order to set forth a *prima facie* case for cruel and unusual punishment based on the denial of medical care amounting to deliberate indifference. First there must be "an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious." Id. at 499 (internal quotation marks and citations omitted). Second, there must be "a 'subjective' showing that defendant acted with 'a sufficiently culpable state of mind.'" Id. Luna does not satisfy either element.

First, his alleged "deprivation" is that the therapy he received was "therapy in which he does not benefits [sic], and he does not receives [sic] from this therapy any medications for Plaintiff [sic] psychiatric conditions...." (Compl. at ¶ 12.) Giving plaintiff's vague, conclusory assertions of inadequate therapy as much force as possible, at best the claims could characterized as alleging malpractice. "It is well-settled that claims of negligence or medical malpractice,

7

without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F. 3d 192, 197 (3rd Cir. 1999). A defendant must have known of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 825 (1994). Deliberate indifference, the prerequisite conduct to a constitutional claim, requires "obduracy and wantonness," which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. Id. (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). Where alleged negligence or malpractice was deemed sufficiently intentional to pass constitutional muster, courts have required additional instances of conduct to be show to demonstrate "deliberate indifference," such as the infliction of harm by a willful refusal to provide needed care, or persistent use of flawed medical treatment. See Montgomery, 294 F.3d 492. All that Luna asserts is that the treatment he received did not "benefits [sic]" him. (Compl. at ¶ 12.)

In addition, plaintiff has failed to demonstrate that he was placed into therapy as a result of a "serious" medical need. Rather, he was assigned to therapy as a part of his parole terms. A "serious medical need" has been defined as one that has been "diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Plaintiff provides no factual predicate for a finding of serious medical need, a basic requirement for this Eight Amendment claim.

Further distancing plaintiff from establishing a viable constitutional claim, when a non-detained person brings an Eighth Amendment claim, the higher standard of "shocks the

conscience" is used, rather than "deliberate indifference."  See Koulta ex rel. Estate of Koulta v. City of Centerline, 2006 WL 1000770, *5 (E.D.Mich. 2006).  As the Sixth Circuit has stated:

> where a plaintiff claims that a non-custodial substantive due process violation has occurred because of the government's deliberate indifference, something more must be shown – a something that we have variously described as callous disregard for the risk of injury or action in an arbitrary manner that shocks the conscience or that indicates an intent to injure. ... [O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'

Schroder v. City of Fort Thomas, 412 F.3d 724, 730 (6th Cir.2005).  See also County of Sacramento v. Lewis, 523 U.S. 833, 846; 851-52 (1998) (stating that deliberate indifference is insufficient for liability in non-custodial situations).  Plaintiff's allegations of negligence and his basic disappointment about the benefits of his therapy do not come close to meeting this high standard.

The Court concludes that plaintiff fails to state a constitutional violation on Farrell's part and dismisses the federal claims in his complaint.  When a court dismisses a federal claim, it may, in its discretion, exercise supplemental jurisdiction over the pendent state-law claims.  See Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244-45 (2006).  When "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – ... points toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).  In its discretion, this Court declines to exercise supplemental jurisdiction over the state claim of negligence.

IV.   CONCLUSION

Plaintiff's claims against Farrell, which arise out of her professional services as parole officer, appear to reflect his frustration with remaining in the Parole Board's control, exemplified in his statement that "[u]nder Megan's Law, Plaintiff can not [sic] move without reporting it to the police, parole, and the Prosecutors Office [sic] ..." (Compl. at ¶ 14.)  This point of view cannot substitute for, or rise to the level of, cognizable constitutional claims.  As a consequence, plaintiff's complaint is dismissed against Farrell, the remaining defendant.  An appropriate order accompanies this decision.


Dated: September 5, 2006				/s/ Katharine S. Hayden

						Katharine S. Hayden, U.S.D.J.